IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON M. WILLOUGHBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 11-CV-7854 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Aaron M. Willoughby filed an action against Michael J. Astrue, Commissioner of the Social Security Administration (the "Commissioner"), seeking review of the denial of his application for disability benefits. The parties filed cross motions for summary judgment. On July 12, 2012, I denied the Commissioner's motion and granted Mr. Willoughby's motion, remanding the case to the Social Security Administration for further proceedings consistent with my opinion. Now Mr. Willoughby seeks attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412(d)(2)(A)(ii), which I grant for the reasons that follow.

I.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), provides that "a court may award reasonable fees and expenses of attorneys, in addition to the costs . . . to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action."  To prevail on a motion for fees under the EAJA, "a party must show that (1) he was the prevailing party; (2) the Government's position was not substantially justified; (3) there existed no special circumstances that would make an award unjust; and (4) he filed a timely and complete application for fees." *Floroiu v. Gonzalez*, 498 F.3d 746, 748 (7th Cir. 2007).  The Commissioner does not dispute that Mr. Willoughby meets this standard and is entitled to an award of fees.  Nor does the Commissioner claim that the number of hours Mr. Willoughby's counsel expended on his case was excessive.  The parties' only dispute is over Mr. Willoughby's request for an amount commensurate with his attorney's hourly rate of $180.

Congress has provided a presumptive statutory ceiling for the hourly rate that may be collected under the EAJA: "The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except

2

that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). This "rather chintzy" fee-shifting statute set the $125 rate in 1996 as "a presumptive ceiling." *Matthews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011) (further noting that "a fee of $125 for legal services rendered in 2009 in a social security disability appeal seems awfully low." *Id.* at 564). To justify a higher rate, the plaintiff must "point to inflation or some other special factor" such as "the limited availability of qualified attorneys for the proceeding involved." *Id.* at 563-64. Here, Mr. Willoughby's attorney raises both special factors.

When pointing to inflation, district courts are not entitled to presume inflation, even though the statutory maximum was set in 1996:

> If [an attorney] points to inflation he *still* must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

*Id.* at 563 (emphasis in original). Thus, a blanket statement that inflation justifies an increased fee will not suffice. "An inflation adjustment must, as we said, be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64.

To support his inflation-based argument, Mr. Willoughby offers the affidavit of his counsel, Ellen Hanson, which attaches the local Consumer Price Index for 2011, which indicates that indicating that the $180.59 per hour reflects the rate as adjusted for the increased cost of living. He argues "[t]hat Index shows the cost of doing business in the United States." Mr. Willoughby objects to "personally" documenting that his counsel's business expenses have increased because doing so would require her to spend "hours going through a warehouse of receipts and expenditures which would be burdensome and beyond [her] competence in coming up with the result."

Mr. Willoughby's evidence does not satisfy the Seventh Circuit's criteria for inflation-based adjustments. "An inflation adjustment must . . . be based on the particular circumstances of the lawyer seeking the increase." *Matthews-Sheets,* 653 F.3d at 563. Mr. Willoughby fails to put forth any information about how inflation affected his counsel's practice. Instead of citing the rising cost of rent, for example, or the increase in wages his

4

counsel pays her clerical employees, Mr. Willoughby conflates the two special circumstances enumerated in the statute, arguing in support of his inflation argument that there are no other attorneys in the relevant geographic area willing to represent parties like Mr. Willoughby.[1]

Although Mr. Willoughby's argument is insufficient to support his inflation adjustment, he makes a valid argument for an upward adjustment on the ground that the case "require[d] for competent counsel someone from among a small class of specialists who are available only for [more than $125] per hour." *Matthews-Sheets* 653 F.3d at 562 (citations omitted) (original alteration).

In *Matthew-Sheets,* the court held that a party seeking a fee increase could overcome the presumptive fee ceiling with evidence that "a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id.* at 565. Mr. Willoughby offers the affidavits of his counsel, Ellen Hanson, and those of Ms. Hanson's law partner, John V. Hanson, and of her associate, Brian D. Johnson. Ms. Hanson states that "[t]here is no other attorney in Kankakee, Livingston, LaSalle, Grundy or Bureau Counties that

---

[1] Although the two methods of justifying a fee increase are set forth in the disjunctive under the EAJA, both parties appear to conflate the two, proceeding as if Mr. Willoughby must show both that "inflation has increased the cost of proving adequate legal service," *Matthews-Sheets,* 653 F.3d at 563; and that no competent attorney in the area would handle the case for less than the amount requested in the fee petition. *Id.* at 565. The Seventh Circuit recognizes that these are two separate justifications for a fee increase.

do District Court Social Security cases," other than herself and her associate. She further states that she has not had to represent claimants at the $125 level, and that she would not be willing to do so. Mr. Hanson states that Ms. Hanson's normal hourly rate was $200 for the trusts and estate work that she formerly practiced before dedicating herself to Social Security Disability Practice. Mr. Johnson states that he is undertaking federal district court cases for social security disability claims, and that he would not be willing to proceed with these matters at the hourly rate of $125: "I would expect to be paid in 2011 and 2012 at the hourly rate of $180."

The Commissioner does not rebut this evidence but instead argues that "[t]here is no reason why attorneys from Chicago or other neighboring areas would not travel to these four counties." To this Mr. Willoughby respond that while attorneys from Chicago might be willing to represent a person from Grundy County, they would not do so for any less than they charge to represent a person from Chicago. And Chicago rates, Mr. Willoughby insists, are well above the minimum, citing cites *Claiborne v. Astrue*, 877 F.Supp.2d 622, 628 (N.D. Ill. 2012) (awarding a Chicago lawyer who practices in the area of social security benefits an upward adjustment to $181.25).

In light of the low range of typical fee awards in these cases, "the court should not demand proof that could be more

expensive to gather than the fees requested. And because the government could be ordered to pay those 'fees on fees,' that result would not serve its interests either." *Gonzalez v. Astrue*, No. 10-899, 2012 WL 1633937, at *2 n. 1 (N.D. Ill. May 9, 2012). Mr. Willoughby has come forward with evidence that there are no attorneys available to represent him without the benefit of an upward adjustment of the statutory ceiling. The Commissioner has not controverted this evidence. Accordingly, Mr. Willoughby's request for attorneys' fees commensurate with his counsel's hourly rate of $180.00 is granted.

II.

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees is granted in the amount of $7,386.60 plus an additional $180 fee for preparation of the reply brief, for a total of $7,566.60.

**ENTER ORDER:**

**Dated:** May 14, 2013

**Elaine E. Bucklo**
United States District Judge